IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TRISTAN ROSE,<br><br>　　　　Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　　　Respondent. | Cause No. CV 20-31-H-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On April 9, 2020, Petitioner Tristan Rose, a state prisoner proceeding pro se, filed this action under 28 U.S.C. § 2254. Rose challenges a Sexual Assault conviction, handed down in Montana's First Judicial District, Lewis and Clark County, for which he received a twenty-year prison sentence, with sixteen of the years suspended. (Doc. 1 at 2-3.)[1]

## I.    Motion to Proceed in Forma Pauperis

Rose moves the Court to proceed in forma pauperis, but he did not submit the requisite inmate account statement. See, (Docs. 2 & 3.) Because there is no reason to delay this matter further, however, Rose's motion will be granted.

---

[1] See also, Montana Offender Correctional Network: https://app.mt.gov/conweb/Offender/3023077/ (accessed April 14, 2020).

1

## II.    28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Mr. Rose's claims are unexhausted, his petition should be dismissed without prejudice.

## I.     Procedural History/Rose's Claims

In 2017 Rose entered an Alford plea to Sexual Assault.[2] (Doc. 1 at 3.) Rose was sentenced to the Montana State Prison for 20-years, with 16 of those years suspended. *Id*.

Rose did not file a direct appeal, did not seek collateral review, and did not seek review of his sentence before the Montana Sentence Review Division. See, e.g., *Id*. at 3, ¶¶ 6-7, 9; 4, ¶ 12.

In the instant petition, Rose alleges that he unwillingly signed the plea

---

[2] An *Alford* plea is a guilty plea entered into by a defendant in connection with a plea bargain, without actually admitting guilt. *North Carolina v. Alford,* 400 U.S. 25, 35, 91 S.Ct. 160, 166, 27 L.Ed.2d 162 (1970); *Black's Law Dictionary* 71 (Bryan A. Garner ed., 7th ed., West 1999).

agreement and that his trial attorney "forged" his signature. *Id*. at 5. He claims he was afraid to challenge his conviction and sentence due to threats his attorney made to him. *Id*. Rose asks this Court to find him "not guilty due to any crimes [he has] done to be put in prison" as a result of insufficient evidence and the use of hearsay evidence in securing his conviction. *Id*. at 7, ¶ 16.

## II. Analysis

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d

1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  A petitioner must meet all three prongs of the test in one proceeding.  "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has never considered the claims Rose attempts to advance.  As set forth above, Rose has not sought direct or collateral review, including postconviction relief or a state petition for habeas corpus relief.  While the Court is not commenting on the potential merit of Rose's claims, or deciding whether or not any procedural or statutory bars may apply to his federal petition, before he can file in this Court, he must give the state courts one full opportunity to review his constitutional claims.  *O'Sullivan*, 526 U.S. at 845.  But because Rose has not yet even attempted to exhaust his available state court remedies, this Court cannot review the claim.  *See Rose v. Lundy*, 455 U.S. 509 (1982).  Dismissal should be **without prejudice**, allowing Rose to return to this Court if and when he fully exhausts the claim(s) relative to his current custody.

### III.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Rose has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, there are no close questions and reasonable jurists would find no basis to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

Rose's Motion to Proceed in Forma Pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

//

## RECOMMENDATION

1. Rose's Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Rose may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Rose must immediately notify the Court of any change in his mailing address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 14th day of April, 2020.

>   /s/ John Johnston
>   John Johnston
>   United States Magistrate Judge